# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Van Powell,  )<br> )<br>  Plaintiff,  )<br> )<br>   vs.  )<br> )<br>Kilolo Kijakazi, Acting Commissioner  )<br>of Social Security,  )<br> )<br>  Defendant.  )<br>_____)  | Civil Action No. 0:22-4459-RMG<br><br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on October 27, 2023, recommending that the Commissioner's decision be affirmed. (Dkt. No. 13). Plaintiff filed objections to the R & R, the Commissioner filed a reply, and the Plaintiff filed a sur reply. (Dkt. Nos. 14, 15, 16). For reasons set forth below, the decision of the Commissioner is affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The Administrative Law Judge ("ALJ") determined that Plaintiff was capable of performing his prior relevant work, which effectively defeated Plaintiff's claim for disability benefits. Plaintiff's objections on appeal focus on the issue of whether there was substantial evidence to support the finding of the ALJ that Plaintiff was capable of performing his past relevant work as a cost analyst. An essential element of a finding that a claimant can perform his prior relevant work is that the claimant was in the position long enough to learn the job. SSR 82-62, 1975-1982 Soc. Sec. Rep. Serv. 809, 1982 WL 31386 at *1 (1986). Plaintiff challenges the

finding of the ALJ that he performed his duties as a cost analyst long enough to learn the requirements of the job.

The record indicates that Plaintiff performed the work as a cost analyst in the years 2013-2014. (Dkt. No. 7-6 at 18). In the administrative hearing, Plaintiff testified that his work as a cost analyst involved receiving calls for "home repair work or a plumber or something of that nature" and determining for his employer and its customers the proper price for the work. (Dkt. No. 7-2 at 52). Plaintiff also reported that prior to his work as a cost analyst he worked six years as a construction supervisor for Habitat for Humanity. In that position, he "purchased all materials," "managed every aspect of the home construction framing," and "subcontracted the electrical, HVAC, and plumbing." (Dkt No. 7-3 at 4).

The vocational expert testified that Plaintiff's residual functional capacity qualified him to perform his past relevant work as a cost analyst. This job carried a Specific Vocational Preparation (SVP) of 7, which under the Dictionary of Occupational Titles (DOT) requires a typical worker two to four years experience to learn the job. DICTIONARY OF OCCUPATIONAL TITLES, Trailer, 1991 WL 688702 at *1 (4th ed. rev. 1991). According to information provided by Plaintiff during the claims process, he had two years experience as a cost analyst and six years as a construction supervisor.[1]

---

[1] Plaintiff's counsel argues that his client had at most two years of experience as a cost analyst and suggested perhaps it was less. (Dkt. No. 11 at 1). Plaintiff completed a form as part of the application process that allowed the claimant to insert both months and years worked in prior employment. Plaintiff completed the form with only years referenced, 2013-2014, for his period of employment as a cost analyst. The ALJ and the Magistrate Judge reasonably relied on that information in reaching a decision in this matter.

A critical question in determining whether Plaintiff can perform his prior relevant work is whether his time in service "lasted long enough for you to do [the job]." SSR 82-62. The record establishes that Plaintiff's work as a construction supervisor for six years involved purchasing construction materials and supervising construction activities, which would have obviously provided significant relevant experience for his subsequent job as a cost analyst. This prior experience as a construction manager and two years in the position as a cost analyst plainly constitute substantial evidence to support the ALJ's finding that Plaintiff "performed [his duties] long enough to learn the duties and requirements of the job[]." (Dkt. No. 7-2 at 24). *See*, *Bustamante v. Colvin*, No. CV-13-02080-PHX-ESW, 2015 WL 136016 at *10 (D. Az. 2015). Further, Plaintiff did not assert at the administrative hearing that he did not serve in the position of cost analyst long enough to learn the duties and requirements of the job. This issue was raised for the first time on appeal.[2]

The Court finds that the Magistrate Judge ably analyzed the factual and legal issues presented on appeal and correctly concluded that the decision of the Commissioner should be affirmed. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 13) as the order of the Court. The decision of the Commission is affirmed.

**AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 15, 2023
Charleston, SC

---

[2] The Court agrees with Plaintiff that his failure to raise the issue in the administrative hearing does not prevent him from challenging on appeal that the finding of the ALJ lacked substantial evidence. Plaintiff's difficulty is that the record evidence provides substantial evidence to support the finding of the ALJ that he performed the cost analyst position long enough to learn the duties of the job.